IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER JUAREZ HERNANDEZ, | CASE NO. CV F 09-2125 LJO GSA |
| Plaintiff, | **ORDER ON DEFENDANTS' F.R.Civ.P. 12 MOTION TO DISMISS** |
| vs. | (Docs. 14.) |
| CITY OF FARMERSVILLE, et al, | |
| Defendants. / | |

### INTRODUCTION

Defendants City of Farmersville ("City"), its police chief and three of its police officers seek to dismiss as vague, conclusory and lacking necessary elements plaintiff Javier Juarez Hernandez' ("Mr. Hernandez'") excessive force and *Monell* claims arising from his home arrest. Mr. Hernandez filed no papers to oppose dismissal of his claims. This Court considered defendants' F.R.Civ.P. 12(b)(6) motion to dismiss on the record and VACATES the March 16, 2010 hearing, pursuant to Local Rule 230(c), (g). For the reasons discussed below, this Court DISMISSES with prejudice this action.

### BACKGROUND[1]

#### The Parties

Mr. Hernandez owns and resides in a Farmersville home, which his wife Ana Chavez ("Ms.

---

[1] The factual recitation is derived generally from Mr. Hernandez' complaint ("complaint"), the target of defendants' challenges.

1

Chavez") also occupies.[2]

Defendant Mario Kristic ("Chief Kristic") is chief of the City's police department.[3] Defendant Derrick Porter ("Sgt. Porter") is a City police department sergeant. Defendants Daniel Villalobos ("Officer Villalobos") and Jereme Brogan ("Officer Brogan") are City police department officers.[4]

**Response To Vehicle Collision**

During the late evening of December 5, 2008, Mr. Hernandez drove his vehicle and struck another vehicle parked in the middle of the street a half block from Mr. Hernandez' home. The vehicle's owner followed Mr. Hernandez home, telephoned the City police department, and entered Mr. Hernandez' home "arguably with his wife's permission."

Sgt. Porter and Officers Villalobos and Brogan were dispatched to the vicinity of Mr. Hernandez' home regarding a hit and run and entered the home when Ms. Chavez "motioned with her hand beckoning them to her and her husband's bedroom some 50 feet from the doorway." Ms. Chavez "speaks no English, but has learned the meaning of some words." Sgt. Porter and Officers Villalobos and Brogan do not speak Spanish and "admitted" that Ms. Chavez "did not give the verbal permission to enter." The officers entered Mr. Hernandez' home "under the assumption" that misdemeanor hit and run driving had been committed.

When the officers entered Mr. Hernandez and Ms. Chavez' bedroom, Mr. Hernandez "ordered them out of his home." Although the officers claim Ms. Chavez permitted their entry, such permission "was withdrawn when the husband ordered the officer out of their bedroom and the home."

**Use Of Force**

The officers "placed the flashlight" on Mr. Hernandez, "forced" him out of bed and into the living room where the officers "beat," "kicked," and "punched" Mr. Hernandez, "struck him with their knees," "shot him twice with a tazer [sic] gun," and "humiliated him in front of his family." The

---

[2]   Ms. Chavez is not a party to this action.

[3]   The complaint's caption references the City's police department but its body does not identify the department as a defendant. The City claims it is erroneously sued as the department.

[4]   The City, Chief Kristic, Sgt. Porter and Officers Villalobos and Brogan will be referred to collectively as "defendants."

incident "left permanent scarring" on Mr. Hernandez, was "painful," and required "medical attention."

In an underlying Tulare County Superior Court criminal action ("underlying criminal action"), Mr. Hernandez was convicted of resisting a police officer in performance of duties, felony drunk driving, and failure to provide written notice following a vehicle collision. The issue of the officer's entry "has been determined adversely" to Mr. Hernandez in the underlying criminal action which is on appeal before the California Court of Appeal, Fifth District.

## Mr. Hernandez' Claims

The complaint has 22 paragraphs and lacks headings to denote causes of action or claims. The complaint notes that this "Action arises under the United States Constitution, and in particular under the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983 [("section 1983")]." The complaint alleges that Sgt. Porter and Officers Villalobos and Brogan "had no right under the circumstances . . . to brutally beat, tazer [sic] and punish" Mr. Hernandez and "the physical force was far in excess of that authorized by law."

The complaint's paragraph 18 alleges:

> Further during the course of the entry, the unlawful forcing the plaintiff herein to get out of bed and to enter the living room and to deprive him of his constitutional rights did conspire together and did in fact deprive the plaintiff of life, liberty, as would shock the conscience in violation of the Plaintiff's rights under the Fourth and Fifth Amendments of the United States Constitution, not to be deprived of life, liberty or property without due process of law and guaranteed by the Fourth, Fifth and Fourteenth Amendment of the United States Constitution. All rights of the plaintiff, herein, as set forth, were violated by defendants and each of them but the use of brutal, excessive, unreasonable and unnecessary physical force upon the plaintiff.

The complaint's paragraph 21 alleges:

> Additionally, the City of Farmersville knew that the defendant officers and supervisory personnel had a history of abuse of its citizens, and failed to protect the community, and in particular this plaintiff from such attacks. . . . Further, the city [sic] of Farmersville, failed to select, and failed to perform sufficient background investigations and psychological examinations to determine the officers [sic] ability to act within the law even under stressful situations. And further the city failed to instruct and [sic] officers and deputies concerning the physical affects of tazer [sic] guns and the resulting helplessness of any human being who been [sic] subject to an [sic] the doses of electricity forced into is [sic] or her body.

The complaint's paragraph 22 alleges:

> That as a result of the above described policies the defendant City and Chief of

3

Police demonstrated a deliberate indifference to the constitutional rights of persons within the city, and were the cause of violations of plaintiff's rights alleged herein.

The complaint seeks recovery of compensatory and punitive damages and attorney fees.

## DISCUSSION

### F.R.Civ.P. 12(b)(6) Motion To Dismiss Standards

Defendants challenge the complaint as "unclear" and "fatally flawed" and "replete with vague conclusory statements and threadbare recitations of elements."

A F.R.Civ.P. 12(b)(6) motion to dismiss is a challenge to the sufficiency of the pleadings set forth in the complaint. "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one.  The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).  A F.R.Civ.P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

In resolving a F.R.Civ.P. 12(b)(6) motion, a court must:  (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996).  Nonetheless, a court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Securities Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). A court need not permit an attempt to amend if "it is clear that the complaint could not be saved by an amendment."  *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554,127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted).

Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998). In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562, 127 S.Ct. at 1969 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

In *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949 (2009), the U.S. Supreme Court recently explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. (Citations omitted.)

After discussing *Iqbal*, the Ninth Circuit Court of Appeals summarized: "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 989 (9th Cir. 2009) (quoting *Iqbal*, __ U.S. __, 129 S.Ct. at 1949).

The U.S. Supreme Court applies a "two-prong approach" to address a motion to dismiss:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . . Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, __ U.S. __, 129 S.Ct. at 1949-1950.

With these standards in mind, this Court turns to defendants' challenges to the complaint.

**Failure To Satisfy F.R.Civ.P. 8**

The complaint meanders and jumps back and forth among the events at issue. The complaint lacks headings to distinguish distinct claims against particular defendants.

F.R.Civ.P. 8 requires a plaintiff to "plead a short and plain statement of the elements of his or her claim, identifying the transaction or occurrence giving rise to the claim and the elements of the prima facie case." *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000).

F.R.Civ.P. 8(d)(1) requires each allegation to be "simple, concise, and direct." This requirement "applies to good claims as well as bad, and is the basis for dismissal independent of Rule 12(b)(6)." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996). "Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *McHenry*, 84 F.3d at 1180. "Prolix, confusing complaints . . . impose unfair burdens on litigants and judges." *McHenry*, 84 F.3d at 1179.

Moreover, a pleading may not simply allege a wrong has been committed and demand relief. The underlying requirement is that a pleading give "fair notice" of the claim being asserted and the "grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47-48, 78 S.Ct. 99, 103 (1957); *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997). Despite the flexible pleading policy of the Federal Rules of Civil Procedure, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). A plaintiff must allege with at least some degree of particularity overt facts which defendant engaged in to support plaintiff's claim. *Jones*, 733 F.2d at 649. A complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, __ U.S. __, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955).

The complaint fails to satisfy F.R.Civ.P. 8 requirements. The complaint makes vague, conclusory allegations of constitutional violations, excessive force, knowledge of "a history of abuse," and "deliberate indifference." The complaint lacks relevant facts to support valid, cognizable legal theories as to defendants individually or collectively. The complaint appears to lump Sgt. Porter and Officers Villalobos and Brogan as "officers" without attributing separate acts, wrongs or omissions to

each of them respectively. The complaint fails to give defendants fair notice of claims plainly and succinctly to warrant its dismissal.

### *Monell* Claim

Defendants contend that a purported *Monell* claim against the City "is based upon threadbare recitals of elements of a cause of action and, vague and conclusory statements." Defendants point to the lack of facts to support that the City "knew" that the "defendant officers" and "supervisory personnel" had a history of abuse of citizens. Defendants point to the complaint's failure to identify the officers, supervisory personnel and purported abuse. Defendants fault the complaint's lack of allegations how the City's training or hiring were deficient to cause Mr. Hernandez harm. Defendants lament the absence of a connection between "physical affects of taser guns" and alleged wrongdoing or harm.

A local government unit may not be held liable for the acts of its employees under a respondeat superior theory. *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018 (1978); *Davis v. Mason County*, 927 F.2d 1473, 1480 (9th Cir.), *cert. denied*, 502 U.S. 899, 112 S.Ct. 275 (1991); *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1443 (9th Cir. 1989). "Federal case law has long barred respondeat superior liability against state actors in suits brought under 42 U.S.C. § 1983." *Fed. of African American Contractors v. City of Oakland*, 96 F.3d 1204, 1214 (9th Cir. 1996). Claimants suing state actors under 42 U.S.C. § 1983 "must establish that their alleged injury was the result of a 'policy or custom' of that state actor." *African American Contractors*, 96 F.3d at 1215.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor." *Monell*, 436 U.S. at 691, 98 S.Ct. at 2018. The local government unit "itself must cause the constitutional deprivation." *Gilette v. Delmore*, 979 F.2d 1342, 1346 (9th Cir. 1992), *cert. denied*, 510 U.S. 932, 114 S.Ct. 345 (1993). Because liability of a local governmental unit must rest on its actions, not the actions of its employees, a plaintiff must go beyond the respondeat superior theory and demonstrate that the alleged constitutional violation was the product of a policy or custom of the local governmental unit. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385, 109 S.Ct. 1197 (1989); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478-480, 106 S.Ct. 1292 (1986). To maintain a civil rights claim against a local government, a plaintiff must establish the requisite culpability (a "policy or custom" attributable to municipal policymakers) and the requisite causation (the policy or custom as the "moving force" behind the

constitutional deprivation). *Monell*, 436 U.S. at 691-694, 98 S.Ct. 2018; *Gable v. City of Chicago*, 296 F.3d 531, 537 (7th Cir. 2002).

An actionable policy or custom is demonstrated by:

1. An "express policy that, when enforced, causes a constitutional deprivation," *Baxter v. Vigo County School Corp.*, 26 F.3d 728, 735 (7th Cir. 1994);

2. A "widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled to constitute a 'custom or usage' with the force of law," *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127, 108 S.Ct. 915 (1988) (plurality opinion); or

3. Constitutional injury caused by a person with "final policymaking authority," *Praprotnik*, 485 U.S. at 123, 108 S.Ct. 915.

"The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts." *Spiller v. City of Texas City, Police. Dept.*, 130 F.3d 162, 167 (5th Cir. 1997). "[E]xistence of a policy, without more, is insufficient to trigger local government liability." *Oviatt v. Pearce*, 954 F.2d 1470, 1477 (9th Cir. 1992). However, "municipal liability may be imposed for a single decision by municipal policymakers under appropriate circumstances." *Pembaur*, 475 U.S. 469, 480, 106 S.Ct. 1292 (1986).

"More importantly, where action is directed by those who establish governmental policy, the municipality is equally responsible whether that action is to be taken only once or to be taken repeatedly." *Pembaur*, 475 U.S. at 481, 106 S.Ct. 1292. Local government liability is based on "whether governmental officials are final policymakers for the local government in a particular area, or on a particular issue." *McMillan v. Monroe County, Ala.*, 520 U.S. 781, 785, 117 S.Ct. 1734 (1997).

To impose *Monell* liability, a plaintiff "must identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy. Plaintiff must, of course, prove that his injury was caused by city policy." *Bennett v. City of Slidell*, 728 F.2d 762, 767 (5th Cir. 1984).

At best, the complaint alleges respondeat superior, which is unsatisfactory to impose *Monell* liability. The complaint fails to identify a specific policy or custom and to allege how a constitutional

violation was a product of a policy or custom. The complaint fails to connect to the City a policy or custom which causes alleged constitutional violation. Absence of Mr. Hernandez' opposition suggests his concession of a lack of a *Monell* claim.

### **Unreasonable Entry**

Defendants challenge as lacking legal support an unreasonable entry claim in that Ms. Chavez, a co-occupant of Mr. Hernandez' home, consented to Sgt. Porter and Officers Villabobos and Brogan's entry into the home.

"Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States." *Leer v. Murphy*, 844 F.2d 628, 632-633 (9th Cir. 1988).

"Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271, 114 S.Ct. 807, 811 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3, 99 S.Ct. 2689, 2694, n. 3 (1979)). Section 1983 and other federal civil rights statutes address liability "in favor of persons who are deprived of 'rights, privileges, or immunities secured' to them by the Constitution." *Carey v. Piphus*, 435 U.S. 247, 253, 98 S.Ct. 1042 (1978) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 417, 96 S.Ct. 984, 996 (1976)). "The first inquiry in any § 1983 suit, therefore, is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws.'" *Baker v. McCollan,* 443 U.S. 137, 140, 99 S.Ct. 2689 (1979). Stated differently, the first step in a section 1983 claim is to identify the specific constitutional right allegedly infringed. *Albright*, 510 U.S. at 271, 114 S.Ct. at 811. "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." *Baker*, 443 U.S. at 146, 99 S.Ct. 2689.

"The Fourth Amendment recognizes a valid warrantless entry and search of premises when police obtain the voluntary consent of an occupant who shares, or is reasonably believed to share, authority over the area in common with a co-occupant who later objects to the use of evidence so obtained." *Georgia v. Randolph*, 547 U.S. 103, 106, 126 S.Ct. 1515 (2006) (citing *Illinois v. Rodriguez*, 497 U.S. 177, 110 S.Ct. 2793 (1990)); *United States v. Matlock*, 415 U.S. 164, 94 S.Ct. 988 (1974)).

In *Randolph*, 547 U.S. at 109, 94 S.Ct. 988, the U.S. Supreme Court explained:

> To the Fourth Amendment rule ordinarily prohibiting the warrantless entry of a person's house as unreasonable per se . . . one "jealously and carefully drawn" exception . . . recognizes the validity of searches with the voluntary consent of an individual possessing authority . . . That person might be the householder against whom evidence is sought, . . . or a fellow occupant who shares common authority over property, when the suspect is absent . . . and the exception for consent extends even to entries and searches with the permission of a co-occupant whom the police reasonably, but erroneously, believe to possess shared authority as an occupant . . . (Citations omitted.)

The warrantless entry prohibition does not apply to "situations in which voluntary consent has been obtained, either from the individual whose property is searched . . . or from a third party who possesses common authority over the premises." *Rodriguez*, 497 U.S. at 181, 110 S.Ct. 2793.

Defendants contend that Mr Hernandez' "failure to be physically present at the time of consent proves fatal to his claim of consent revocation."

The complaint suggests that Ms. Chavez, Mr. Hernandez' co-occupant, consented to Sgt. Porter and Officers Villalobos and Brogan's entry into the home. Under U.S. Supreme Court precedent, their presence in the home is not subject to challenge or a viable claim to warrant dismissal of a purported unreasonable entry claim.

### Lack Of Direct Participation

Defendants fault the complaint's failure "to specify which officer restrained plaintiff" and "who allegedly deprived [Mr. Hernandez] of life and liberty without due process of law" to satisfy personal participation requirements for a section 1983 claim. Defendants note the complaint's suggestion that Mr. Hernandez "was able to observe the officers" and "to specify which officers restrained him and which conduct belonged to which officer." Defendants criticize the impossibility "to ascertain what happened during the restraint" and absence of "factual circumstances that would allow a determination whether clearly established law proscribed the use of force" to render the complaint "so vague as to which conduct belonged to which defendant."

"Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996), *cert. denied*, 520 U.S. 1230, 117 S.Ct. 1822 (1997); *see Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under section 1983 arises

only upon a showing of personal participation by the defendant.")  "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused the constitutional deprivation." *Leer*, 844 F.2d at 633.  Section 1983 requires that there be an actual connection or link between the defendant's actions and the deprivation allegedly suffered.  *See Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018 (1978); *Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598 (1976).

A plaintiff cannot hold an officer liable "because of his membership in a group without a showing of individual participation in the unlawful conduct." *Jones v. Williams*, 297 F.3d 930, 935 (9th Cir. 2002) (citing *Chuman v. Wright*, 76 F.3d 292, 294 (9th Cir. 1996)).  A plaintiff must "establish the 'integral participation' of the officers in the alleged constitutional violation." *Jones*, 297 F.3d at 935. "'[I]ntegral participation' does not require that each officer's actions themselves rise to the level of a constitutional violation." *Boyd v. Benton County*, 374 F.3d 773, 780 (9th Cir. 2004).  Integral participation requires "some fundamental involvement in the conduct that allegedly caused the violation." *Blankenhorn v. City of Orange*, 485 F.3d 463, 481, n. 12 (9th Cir. 2007).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

"A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).  A section 1983 plaintiff "must state the allegations generally so as to provide notice to the defendants and alert the court as to what conduct violated clearly established law." *Preschooler II v. Clark County School Bd. of Trustees*, 479 F.2d 1175, 1182 (9th Cir. 2007).

The complaint fails to connect a particular defendant to unlawful restraint of Mr. Hernandez. The complaint appears to rest on insufficient membership of a group of officers, not individual participation in unlawful conduct.  The complaint lacks allegations of fundamental involvement in conduct that allegedly caused a constitutional deprivation.  The complaint provides no notice to defendants as to their individual purported wrongs.  Defendants correctly characterize the complaint's

paragraph 18 as "hodgepodge of incoherent sentences mixed and mashed together."

### Attempt At Amendment

This Court construes Mr. Hernandez' failure to respond to defendants' motion to dismiss as a concession of inability to cure the complaint's deficiencies.  Thus, no grounds exist to warrant an attempt to amend Mr. Hernandez' indecipherable and barred claims.

### CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1. DISMISSES this action with prejudice; and
2. DIRECTS the clerk to enter judgment against plaintiff Javier Juarez Hernandez and in favor of defendants City of Farmersville, Mario Kristic, Derrick Porter, Daniel Villalobos and Jereme Brogan and to close this action.

IT IS SO ORDERED.

**Dated:  March 3, 2010**              /s/ Lawrence J. O'Neill
                                                            UNITED STATES DISTRICT JUDGE